547 S.E.2d 276

**STATE of West Virginia, Plaintiff below, Appellee,**

v.

**Jimmy TRENT, Defendant below, Appellant.**

**No. 28203.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 23, 2001.

Decided May 11, 2001.

Darrell V. McGraw, Jr., Esq., Attorney General, Barbara H. Allen, Esq., Managing Deputy Attorney General, Charleston, West Virginia, Attorneys for Appellee.

D. Mark Snyder, Esq., Charleston, West Virginia, Attorney for Appellant.

PER CURIAM:

## I.

This case arises out of a 1995 incident at a bar where a fight escalated into shooting, followed by a police chase.

The appellant, Jimmy Trent, was convicted by a jury of two felony counts of malicious endangerment and one count of fleeing on foot from a police officer. We granted appellate review to look at several issues. Upon full briefing and argument and a review of the record, we conclude that the appellant had a fair trial; therefore, we affirm his convictions.

## II.

■ The appellant's most colorably meritorious claim that his trial was unfair is based on the fact that a police officer testified unequivocally at the appellant's trial that a truck that was found near the appellant's house after the police chase had been reported by a police dispatcher to be registered to "James or Jimmy" Trent of Monroe County, based on the truck's license plate number.

However, after the appellant was convicted, the appellant presented to the circuit court allegedly "newly discovered" evidence to the effect that the truck in question was registered to a "Jay" Trent of Mingo County.

Thus, argues the appellant, the dispatcher could not have provided the information about which the officer testified, and therefore the officer was lying. The appellant further argues that because the officer was not telling the truth about the dispatcher message, the subsequent arrest of the appellant was illegal, because it was tainted by the officer's misconduct and not supported by probable cause. The appellant also argues that the prosecution should have investigated before trial and learned that the substance of the officer's testimony about the truck was wrong, and disclosed this fact to the defense.

On this basis, the appellant asked for a new trial, which request was refused by the circuit court.

■ The appellant must show, in order to be entitled to a new trial on the basis of newly-discovered evidence, the following:

> A new trial will not be granted on the ground of newly discovered evidence unless the case comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side.

Syllabus Point 1, *State v. Crouch,* 191 W.Va. 272, 445 S.E.2d 213 (1994) (citations omitted).

In ruling on the appellant's motion for a new trial, the circuit judge said:

> I just feel like if there is any mistake here, it's a harmless mistake or harmless error. Doesn't appear to me to rise to the level of perjured testimony on the part of the officer merely because there was an address that came back Mingo County—or

Monroe county or because the name on the title was somewhat different than what the officer testified at trial. The name on the title was Jay, J–A–Y, Jay, and it would take no great leap of faith or certainly wouldn't take a great leap of faith on my part if the officer told—if the dispatcher told me over the radio that a truck was registered to somebody named Jay Trent and I had been following the truck and I happened to know that Jimmy Trent or James Trent lived less than a hundred yards away, it would take no great leap of faith on my part to think that was—the person whose name was on the title was the same person that lived in that area.

Obviously, from what I'm hearing here today, there was a slight discrepancy. The Jay Trent on the title was the father of your client and not Jimmy Trent, who is here today. Obviously, there was a mistake . . . [but] it appears to me that this is something that was known all along and is probably not newly discovered evidence. But even if it were something that we only found out at this point, it doesn't seem like, to me, it's significant enough or likely to have significant—to make enough of a difference on the outcome of the case to give rise to the granting of your motion.

We believe that the trial judge's assessment was correct: the so-called "newly discovered evidence" was not truly "newly discovered," nor would it have made a significant difference at trial. At best it would only go to impeachment. We consequently find this assignment of error not to be meritorious.

We have carefully reviewed the appellant's other assignments of error and find them likewise to be without merit.

### III.

The judgment of the circuit court is affirmed.

Affirmed.